IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| RONALD G. JOHNSON, | ) |
|---|---|
| Petitioner, | ) ) ) |
| v. | ) ) Civil Action No. 14-1133-GMS |
| DELAWARE SUPERIOR COURT, et. al., | ) ) ) ) |
| Respondents. | ) ) |

## MEMORANDUM

### I. BACKGROUND

Presently pending before the court is petitioner Ronald Johnson's "petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241," in which he contends that he is being held unconstitutionally because: (1) he has not been indicted within forty-five days of his arrest; and (2) his $15,000 bail is excessive. (D.I. 1 at 3)

### II. LEGAL STANDARDS

A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. As a general rule, a federal district court can only entertain a habeas petition in behalf of a person in custody pursuant to the judgment of a State court, and a petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims. 28 U.S.C. § 2254(a) and (b)(1)(A); *see also* Rules 1- 2, 28 U.S.C. foll. § 2254. Although a state prisoner can challenge his pre-trial custody on speedy trial grounds pursuant to 28 U.S.C. § 2241, a federal court cannot provide habeas review for pre-trial

claims if the petitioner is trying to abort his state criminal proceeding because such adjudication would constitute premature litigation of constitutional defenses in federal court. *See* 28 U.S.C. § 2254(b); *Moore v. DeYoung*, 515 F.2d 437, 441-42 (3d Cir. 1975); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973) (noting that habeas corpus review is not available to adjudicate the merits of an affirmative defense to a state criminal charge prior to a state court conviction, but that, in special circumstances, habeas corpus is the appropriate vehicle by which to demand enforcement of a state's constitutional obligation to provide a speedy trial).

## III. DISCUSSION

After reviewing Johnson's petition, the court concludes that relief is not warranted. First, it is clear from the face of the pending petition that Johnson is not in custody pursuant to a state court judgment because he has not yet undergone his state criminal trial on the unspecified charges for which he was arrested. Second, to the extent he is requesting immediate release, he is improperly attempting to abort a state criminal proceeding. And finally, it appears that Johnson has not exhausted his state remedies with respect to his bail issue, and nothing in his petition demonstrates extraordinary circumstances justifying the court's interference with a pending state court proceeding without Johnson having first exhausted state remedies. *See Moore*, 515 F.2d at 443. Accordingly, the court will summarily dismiss Johnson's § 2241 petition.

## IV. CONCLUSION

For the reasons set forth above, the court will summarily dismiss Johnson's § 2241 petition for federal habeas relief. The court will also decline to issue a certificate of appealability because Johnson has failed to make a "substantial showing of the denial of a constitutional

2

right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate order will be entered.

Dated: Oct 9, 2014

_____
UNITED STATES DISTRICT JUDGE